**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 28, 2017**

_____

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOHN T. BOOKER, JR., a/k/a Muhammad
Abdullah Hassan,

     Defendant - Appellant.

No. 17-3167
(D.C. No. 5:15-CR-40030-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

    After accepting a plea agreement that included a waiver of his right to appeal,

John T. Booker, Jr., pleaded guilty to attempted use of a weapon of mass destruction

and attempted destruction of government property by fire or explosion.  He was

sentenced to concurrent 360- and 240-month terms of imprisonment followed by a

lifetime term of supervised release.  Despite the waiver, Booker filed an appeal

challenging some of the conditions of his supervised release.  The government has

moved to enforce the appeal waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2004) (en banc) (per curiam).  We grant the motion to enforce and dismiss the appeal.

The sentencing court adopted the recommendations in the presentence report and imposed the following special conditions of supervision:

> [Booker] must not participate in any anti-government or tax protesting activities, or associate with individuals who are known members of these groups, or possess any literature advocating or supporting these groups during the term of supervision.
>
> . . . .
>
> [Booker] must not possess, view, access, or otherwise use material that reflects extremist or terroristic views or as deemed to be inappropriate by the U.S. Probation Office.

R., Vol. 2 at 41-42, ¶¶ 131, 134.  We need not reach the merits of Booker's contentions that these conditions are impermissible, however, because he waived his right to appeal his sentence, including the special conditions above, under the express terms of the plea agreement.

To evaluate a motion to enforce a waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. "[P]lea agreements are governed by contract principles." *United States v. Cooper*, 498 F.3d 1156, 1159 (10th Cir. 2007).

Nothing in the agreement supports Booker's contention that his appeal is outside the scope of the waiver simply because he seeks to challenge his sentence on

constitutional grounds.  Under the terms of the plea agreement, Booker "knowingly

and voluntarily waive[d] any right to appeal or collaterally attack any matter in

connection with . . . the components of the sentence . . . including the length and

conditions of supervised release . . . ."  R., Vol. 1 at 66.  Because he did not retain the

right to appeal the conditions of supervised release, Booker's waiver of his right to

appeal his sentence extends to the special conditions of his supervised release, and

the first *Hahn* requirement is met.  *See United States v. Sandoval*, 477 F.3d 1204,

1207 (10th Cir. 2007).

Booker makes no assertion that his waiver was not knowing and voluntary—

*Hahn's* second requirement.  Our independent review of the record persuades us

there is no basis for concluding that he did not knowingly and voluntarily agree to the

waiver.

Nor are we persuaded that enforcing the waiver would result in a miscarriage

of justice under *Hahn*'s third requirement.  We have held that a miscarriage of justice

under *Hahn* occurs in only four narrow circumstances, and Booker has not

established that any of them apply such that the waiver itself was unlawful.  *See*

*Sandoval*, 477 F.3d at 1208 ("Our inquiry is not whether the sentence is unlawful, but

whether the waiver itself is unlawful because of some procedural error or because no

waiver is possible.").  Booker's citations to cases where the sentencing court

exceeded its statutory authority in sentencing a defendant are unavailing because that

scenario did not occur here.  *See, e.g.*, *United States v. Hudson*, 483 F.3d 707, 710

(10th Cir. 2007) (concluding waiver did not encompass right to appeal unlawful

restitution order); *United States v. Gordon*, 480 F.3d 1205, 1209 (10th Cir. 2007) (same). Nor does Booker challenge the validity of his plea or waiver due to ineffective assistance of counsel. *Cf. United States v. Cockerham*, 237 F.3d 1179, 1191 (10th Cir. 2001).

 Accordingly, we grant the motion to enforce and dismiss this appeal.

       Entered for the Court
       Per Curiam