# UNITED STATES DISTRICT COURT

### District of Kansas

(Topeka Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                      CASE NO. 5:15-cr-40030-JWL

JOHN T. BOOKER, JR.,

        Defendant.

### GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
(Doc. 98)

APPEARS NOW the United States of America, by and through Jared S. Maag, Assistant United States Attorney, and respectfully submits the following response to the defendant's motion for compassionate release (Doc. 98).

I.    <u>PROCEDURAL HISTORY</u>

On February 3, 2016, the defendant entered guilty pleas pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Counts One and Two of the Indictment (Doc. 17) charging violations of 18 U.S.C. §§ 2332a(a)(3) and 844(f)(1)—namely, Use of a Weapon of Mass Destruction and Attempted Arson, respectively. (Doc. 55.) As reflected in the plea agreement, the

parties recommended, as an appropriate disposition of the case, that the defendant be sentenced to a controlling term of 360 months' imprisonment, with a supervised release period of life. (*Id*. at 5, ¶ 3.)

On February 2, 2017, the presentence investigation report (PSR) was filed. (Doc. 71.) The defendant's base offense level was calculated at 42 pursuant to Section 2M6.1 of the Guidelines. (*Id*. at 14, ¶ 51.) An additional 12 levels were added pursuant to Section 3A1.4(a) because the offense involved terrorism, resulting in an adjusted offense level of 54 and a total offense level of 43 pursuant to Chapter 5, Part A, n.2 of the Guidelines. (*Id*. at 14-15, ¶¶ 56-60.) The defendant had a subtotal criminal history score of zero, establishing a criminal history category of I. (*Id*. at 15, ¶¶ 64-65.) However, because the offense involved a federal crime of terrorism, the defendant's criminal history category was elevated to VI pursuant to Section 3A1.4(b). (*Id*. at 15, ¶ 66.) Based upon a total offense level of 43 and a criminal history category of VI, the defendant's guideline imprisonment range was properly calculated at life. (*Id*. at 23, ¶ 118.) Despite several objections by the defendant, (*id*. at 28-35, ¶¶ 152-199), the PSR was adopted without change. (Doc. 83 at 1, ¶ IA.)

On July 24, 2017, this Court (Murguia, J.) accepted the parties' 11(c)(1)(C) agreement and sentenced the defendant to a controlling term of 360 months' imprisonment accordingly. (Doc. 82.) The defendant's earliest possible release date from the BOP is November 27, 2040.

On November 28, 2017, the United States Court of Appeals for the Tenth Circuit

dismissed the defendant's appeal wherein he attempted to challenge various conditions imposed upon him while on supervised release. (Doc. 97.) No other appeals or challenges have been filed by the defendant.

On June 8, 2026, the defendant filed the instant motion seeking compassionate release. (Doc. 98.) He maintains that his immediate release is warranted because under modern sentencing trends involving offenders who were minors when they committed their respective offense, he would receive a drastically reduced sentence. (*Id*. at 1.) He further argues that a sentence of time served is appropriate because he has renounced terrorist-related ideologies and is fully rehabilitated. (*Id*. at 6-8.)

II.     ARGUMENT

As a general matter, federal courts are prohibited from modifying a defendant's term of imprisonment once it has been imposed; yet this rule is subject to a limited number of narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011). Section 3582(c)(1)(A) qualifies as one of those exceptions and provides that a district court is authorized to grant a motion for reduction of sentence whether filed by the Director of the BOP or upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] The government concedes that the defendant has properly exhausted his administrative remedies relative to the claims he submits to this Court. (Doc. 98-1 at 2); *United States v. Hemmelgarn*, 15

A district court may grant a motion for compassionate release, however, only if the following three requirements are met: (1) there are extraordinary and compelling reasons that support the requested sentence reduction; (2) the reduction is consistent with the applicable policy statements issued by the United States Sentencing Commission; and (3) the district court considers the factors set forth in Section 3553(a). 18 U.S.C. § 3582(c)(1)(A). A district court may deny compassionate release when any of the three prerequisites listed in Section 3582(c)(1)(A) is lacking and need not address the other factors. *United States v. Hald, et. al,* 8 F.4th 932, 942 (10th Cir. 2021) (reaffirming that the three steps could be considered in any order). Conversely, when a district court determines that compassionate release *is* warranted, "it must of course address all three steps." *United States v. McGee,* 992 F.3d 1035, 1043 (10th Cir. 2021) (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

Importantly, Section 3582(c)(1)(A) itself requires that the reason for release be "extraordinary and compelling." "'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing.'" *Rutherford v. United States*, 146 S.Ct. 1320, 1330 (2026); *Fernandez v. United States*, 146 S.Ct. 1292, 1302 (2026) (noting that "[w]hile Congress has not defined the 'extraordinary and compelling reasons' that may warrant a reduced sentence, these criteria are not empty

---

F.4th 1027, 1030-31 (10th Cir. 2021) (holding that Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule, and that the defendant must demonstrate proof of exhaustion).

vessels"); *cf. Hald*, 8 F.4th at 938 n.4 ("The design of Congress in amending [Section] 3582(c)(1)(A) was not to create an open season for resentencing, after all, the title of the amendment speaks in terms of 'Compassionate' release . . .").[2] As the Court in *Rutherford* further opined, the "heartland" of compassionate release has long been defined as a prisoner's "personal circumstances," often applied in cases where the prisoner is terminally ill. 146 S.Ct. at 1331.

Finally, Section 3582(c)(1)(A)(i) provides that this Court "*may reduce*" the defendant's sentence. The "use of 'may' is quintessential discretionary language." *United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("This last requirement confirms an overarching point: The district court has substantial discretion. The statute says that the district court "may" reduce a sentence if it finds the first two requirements met; it does not say that the district court *must* do so. Even if those conditions are met, therefore, a district court may still deny relief if it finds that the "applicable" [Section] 3553(a) factors do not justify it.") (internal citations omitted).

*First*, as to the defendant's rehabilitation as a reason for compassionate release, while he should be applauded for his efforts to better himself, it is well-settled that rehabilitation standing alone is insufficient to award compassionate release. 28 U.S.C.

---

[2] As the majority further noted in *Rutherford*, "[w]hile the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration." 146 S.Ct. at 1332.

§ 994(t); *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (reaffirming Congress's plain statement that rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason for compassionate release); *Rutherford*, 146 S.Ct. at 1331-32. Because the defendant cannot otherwise establish extraordinary and compelling reasons for his release, his arguments concerning rehabilitation must be rejected.[3]

*Second*, the defendant's assertion that he would receive a dramatically reduced sentence under the current sentencing scheme because of his age at the time of the offense fares no better. (Doc. 98 at 1.) That argument falls outside the listed categories under Section 1B1.13(b) of the Guidelines and does not otherwise satisfy the "other reasons" provision under Section (b)(5) given that "youthful offender" is not "similar in gravity" to categories (b)(1)-(4). The defendant nevertheless attempts to shoehorn this claim into the overall argument that he is serving an unusually long sentence compared to how he might be sentenced today. (*Id.*) Closer scrutiny of the defendant's claim demonstrates why it should be rejected.

Under the present sentencing scheme, the defendant would face a similar base offense level of 42 pursuant to Section 2M6.1(a)(1) of the Guidelines. He would likewise receive an additional 12-level enhancement under Section 3A1.4(a) because his crime involved promoting terrorism. As before, the defendant's total offense level would be

---

[3] To the extent the defendant regrets his actions, (Doc. 98 at 6), regret is not an extraordinary and compelling reason to grant compassionate release.

reduced to 43 pursuant to Chapter 5, Part A, note 2. Finally, as it was in 2017 when the defendant was originally sentenced, an offense level of 43 carries a life sentence across all criminal history categories. In short, no laws have been passed since the defendant's sentence that would change his guideline range today.

Nevertheless, the defendant argues that Section 5H1.1 of the Guidelines "changed the guidance on youthful offenders" and thus his youth would be considered a factor under the current Guidelines, in turn offering a chance at a reduced sentence. (Doc. 98 at 2-5.)[4] The defendant's reliance on Section 5H1.1 is ill-placed, however, because effective November 1, 2025, the United States Sentencing Commission deleted all of Part H, including Section 5H1.1. *See United States v. Hoti*, No. 15-CR-651-LTS-1, 2026 WL 670175, at *2 n.3 (S.D.N.Y. Mar. 10, 2026) ("Amendment 829 and Section 5H1.1 have since been superseded by Amendment 836, which, as of November 1, 2025, deleted Section 5H1.1.").[5] Consequently, "the deleted amendment does not now apply." *United States v. Diaz*, No. 2:21-cr-00047-JAW-1, 2025 WL 3204176, at *1 (D. Maine Nov. 17, 2025). And even if Section 5H1.1 survived today, Amendment 829—which begat Section 5H1.1—was not made retroactive. *United States v. Cummings*, No. 12 CR 31 (VM), 2025 WL 3239812,

---

[4] Section 5H1.1 provided in part that a downward departure may be warranted due to the defendant's youthfulness at the time of the offense and established certain risk factors that could be considered as having contributed to a defendant's involvement in criminal behavior.

[5] Amendment 836 was "a broadly sweeping amendment that was meant to 'simplify the guidelines and reduce tension between [Section] 3553(a) and the Guidelines Manual.'" *United States v. Zapet*, No. 5:20-cr-00032-2, 2026 WL 103441, at *2 n.2 (W.D. Va. Apr. 16, 2026).

at *2 (S.D.N.Y. Nov. 20, 2025). Thus, this Court would lack authority to apply Amendment 829 under any circumstance involving the defendant.

Section 1B1.13(b)(6), which the defendant relies upon for relief, requires that there be a change in the law—other than an amendment to the Guidelines that has not been made retroactive—that would produce a "gross disparity" between the sentence being served and the sentence that would be imposed today. Again, no such law exists that benefits the defendant. Simply put, he fails to meet every element of this policy statement except for having served more than 10 years of his current sentence. As such, the defendant cannot demonstrate extraordinary and compelling reasons as contemplated by the Guidelines' policy statements in Section 1B1.13(b)(6).

Finally, this Court need not address the factors under Section 3553(a) given that the defendant cannot first demonstrate that his arguments for relief are both "extraordinary" and "compelling". *Hald, et. al,* 8 F.4th at 942 (10th Cir. 2021). Nevertheless, the government submits the following for the Court's consideration.

To the extent the defendant can establish an extraordinary and compelling reason for release, satisfying that burden does not resolve his entitlement to a reduction in sentence or release from confinement. This Court must still consider whether the defendant poses a danger to the community and other relevant factors under Section 3553(a) before making the ultimate decision on release. Accordingly, this Court must consider (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for

the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6)). Here, the Section 3553(a) factors independently preclude relief, and no reasonable analysis of these factors supports a reduced sentence.

The nature of the offense is set out in great detail in the plea agreement; facts the defendant agreed are accurate. (Doc. 55 at 2-4.) In summary, the defendant, bent on committing jihad against the United States, concocted a plan with an undercover FBI confidential human source (CHS) to execute an attack against United States Army personnel at Ft. Riley, Kansas using a vehicle borne improvised explosive device (VBIED).

The defendant's commitment to successfully completing this attack is well-documented throughout the PSR. (Doc. 71 at 5-13, ¶¶ 10-45.) His actions demonstrate someone who thought long and hard about waging jihad against American service members. This was not an impulsive decision; it was a well-planned attack with significant thought put towards detonating a VBIED at Ft. Riley in hopes of killing as many soldiers as possible.

As for the sentence imposed, the defendant negotiated an agreement where he avoided a life sentence without the possibility of parole. A downward varied sentence from life to 30 years constitutes nothing less than a just sentence that reflects the seriousness of

the offense.[6] Rewarding the defendant with compassionate release would therefore not promote respect for the law and allowing the defendant to serve less than one-half of a significantly reduced sentence of 30 years certainly does not provide just punishment under the circumstances.

III.    CONCLUSION

Because the defendant cannot demonstrate an extraordinary and compelling reason for compassionate release, this Court must deny his motion.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

By:    /s/ *Jared S. Maag*
        JARED S. MAAG, KS Bar No. 17222
        Assistant United States Attorney
        District of Kansas
        290 Carlson Federal Building
        444 SE Quincy Street
        Topeka, KS 66683
        Ph: 785.295.2850 (Office)
        Fax: 785.295.2853
        jared.maag@usdoj.gov

---

[6] Notably, the defendant, when offered an opportunity to speak at sentencing and express remorse, chose instead to reaffirm his status as a sovereign citizen, in turn insulting this Court as being "incompetent." (Doc. 87 at 13-16.)

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of June 2026, I electronically filed the foregoing Response with the Clerk of the Court by using the CM/ECF system, and that a copy of this filing was electronically delivered to all counsel who have entered their appearance in this matter, and that a true and correct copy of the same was delivered via USPS, first class, postage prepaid to:

John T. Booker, Jr.
Reg. No. 25124-031
FCI Memphis
P.O, BOX 34550
MEMPHIS, TN 38184

By:   /s/  *Jared S. Maag*

JARED S. MAAG, KS Bar No. 17222
Assistant United States Attorney